[Filed January 6, 1891.]

## W. S. FRINK *v.* JOHN THOMAS.

EXECUTORY CONTRACT FOR SALE OF LAND — TIME NOT ESSENCE OF CONTRACT. — Time is not of the essence of a contract for the sale of real estate, unless made so by the express agreement of the parties or by the nature of the contract itself, or of the circumstances under which it was made. Courts of equity will ordinarily infer that interest on the deferred payments will be a sufficient compensation for the delay.

TIME MAY BE MADE ESSENCE OF CONTRACT, HOW. — Although there is no stipulation in the contract that time shall be essential, nor anything in the nature or circumstances of the agreement to make it so, it can nevertheless be made so by a performance or tender of performance by one party and a demand of the other.

PAYMENT OF PURCHASE MONEY AND MAKING DEED CONCURRENT ACTS. — Where the payment of the purchase money and the making of the deed are to occur simultaneously, they are regarded as concurrent acts, which disable either party from putting an end to the contract, without performance, or a valid offer to perform on his part.

VENDOR — SUIT TO RESCIND — TENDER OF DEED. — In a suit by a vendor for a rescission of a contract for the sale of real estate on account of a failure to pay purchase money, the complaint must allege that he has tendered to the vendee a valid deed conveying to him all the land according to the terms of the agreement and demanded performance on the part of the vendee.

FAILURE TO PAY PURCHASE MONEY. — Mere failure to pay the purchase money according to terms of the contract, will not entitle vendor to have contract rescinded.

INABILITY OF VENDOR TO CONVEY — WRONGFUL ACT OF DEFENDANT. — Where the vendor is prevented from complying with his contract to convey by the wrongful act of the vendee in obtaining an understanding, a title to a portion of the land, so far as that portion of the land is concerned, in a suit by vendor to rescind, the vendee is estopped from claiming that no tender of deed has been made.

RESCISSION BY VENDOR — RETURN OF PURCHASE MONEY AND UNPAID NOTES — RENTS AND PROFITS. — When the vendee has paid part of the purchase money and given his notes for the balance, before the vendor can rescind a contract he must return or offer to return money paid with legal interest, less reasonable rental value of the premises if vendee has been in possession, and also all unpaid notes.

LAND DEPARTMENT UNITED STATES, CONTEST PENDING IN — COURTS REFUSE TO INTERFERE. — When a controversy concerning the title to government land is still pending

| 20 | 265 |
| a30 | 246 |
| 30 | 265 |
| 20 | 265 |
| a31 | 118 |
| 20 | 265 |
| 34 | 57 |
| 20 | 265 |
| s35 | 22 |
| 1 20 | 265 |
| f36 | 221 |
| 36 | 456 |
| 20 | 265 |
| 37 | 408 |
| 20 | 265 |
| 39 | 310 |
| 20 | 265 |
| 42 | 189 |
| 20 | 265 |
| 43 | 304 |
| 20 | 265 |
| 44 | 105 |
| 20 | 265 |
| 45 | 229 |
| 20 | 265 |
| d47 | 578 |

in and undetermined by the land department of the United States, the courts of this state will not interfere.

Vendee in Possession, under Contract of Purchase, not Permitted to Obtain Outstanding Title for His Own Use and Benefit.— Where a vendee enters into possession of land under a contract of purchase, he will not be permitted to obtain an outstanding title and assert it against his vendor, but such title will inure to the benefit of vendor.

Polk county: R. P. Boise, Judge.

Plaintiff appeals. Affirmed.

This is a suit in equity to cancel a contract for the sale of land by plaintiff to defendant. For the purpose of this case, it is sufficient to state that the complaint alleges that on the 13th day of February, 1880, the plaintiff and defendant entered into a contract for the sale of certain real estate therein described and containing 360 acres. By the terms of said agreement defendant was to pay the plaintiff the sum of $1,600 for said land, in accordance with the tenor of seven certain promissory notes of that date therein set out, the last of which to become due and payable on the 13th day of February, 1886; that, in consideration of said notes and the payment thereof by said defendant, according to their tenor, the plaintiff agreed to transfer to him at the time of the last payment all said lands in fee; that defendant entered into the possession of said lands and has remained in possession ever since; that at the time of making the contract for the sale, plaintiff only had a contract of purchase from the O. & C. R. R. Co. for 160 acres of the land which he agreed to convey to the defendant, but defendant knew the condition of his title and accepted the contract with the understanding that plaintiff might and would perfect his title so that by the time the last payment became due he might be in a condition to transfer the legal title thereof to the defendant according to his agreement; that about March 1, 1883, it was ascertained that there was some question as to whether the 160-acre tract of land was lands of the United States subject to homestead entry, or whether the same, in fact and law, is within the grant to the O. & C. R. R. Co. Upon such information coming to defendant, he thereupon filed an application in the proper land office to enter the

same as a homestead, at the same time assuring plaintiff that he made the application for the protection and benefit of plaintiff, and that he had expended for his use and benefit in making such application the sum of $13, which at his request plaintiff repaid to him; that afterwards, contriving to cheat, wrong and defraud plaintiff, claimed and asserted that said application was made for his own use and benefit; that he has since made final proof of his continued residence and occupation, and a certificate for a patent for said land has been issued to him by the local land officers; that at the time of defendant's application to make proof of his residence and occupation, plaintiff appeared and interposed his objections thereto, and set forth the facts and reasons therefor, but notwithstanding the claim of plaintiff, the certificate for the patent to said lands was issued to defendant; that plaintiff thereupon duly appealed to the land department at Washington, D. C, which appeal is still pending and undetermined, that defendant is threatening to sell and dispose of said 160 acres to innocent purchasers, and will, unless enjoined, make such a disposition thereof as will tend to greatly hinder the plaintiff in maintaining his legal rights concerning the same against the claim of defendant and his intended grantors; that defendant has failed to comply with the terms of said agreement of purchase on his part, or make any of the payments therein provided for, except the sum of $340, paid soon after the execution of said contract; that on the 1st day of October, 1883, the said defendant abandoned and repudiated his said contract with the plaintiff, and refused to pay the purchase money of the said lands or any part thereof, and has since failed and refused to pay the same, or any part thereof, and the same is now wholly due and unpaid; and the said defendant further, in consummation of his fraudulent intentions and designs, has forbidden and prevented the said plaintiff from perfecting the title to the said 160 acres of land, and, but for the said wrongful acts of the said defendant, the plaintiff would have perfected the same and complied with the terms of said con-

tract, according to the terms thereof, as hereinbefore stated.

The prayer for relief in the complaint is: (1) That defendant be enjoined from disposing of the 160 acres of land during the pendency of the appeal before the interior department; (2) for an accounting of the rents and profits of the lands during the time defendant has been in possession thereof, and in the event the interior department should determine that said 160 acres of land in law belong to defendant, then a decree that defendant is the trustee of plaintiff; (3) for a cancellation of the contract under which defendant entered into possession of said lands; (4) for a decree that plaintiff is the owner of all the land described in the complaint, and that he be let into the possession thereof, and for such other and further relief as may be just.

A general demurrer to the complaint being interposed, was sustained and the complaint dismissed, from which decree this appeal is taken.

*W. H. Holmes,* for Appellant.

*A. M. Hurley,* for Respondent.

BEAN, J.—The grounds upon which it is sought to cancel the contract in this case are (1) the failure of the defendant to pay the purchase price at the time provided in the contract, and (2) the conduct of defendant in attempting to secure a title from the United States for the 160 acres of land in his own name and in fraud of the rights of plaintiff. The first ground proceeds upon the theory that time is of the essence of the contract, and that when defendant failed or neglected to make the payments as he agreed to do, plaintiff was entitled to rescind the contract. Time is of course an indispensable ingredient of every contract; but it is not ordinarily of the essence of a contract for the sale of real estate unless made so by the express agreement of the parties, or by the nature of the contract itself, or of the circumstances under which it was made. When the vendor by his contract to convey has not affirmatively provided that time shall be of the essence of the contract, a court of equity will ordinarily infer that interest on the deferred payments would be a

sufficient compensation for the delay. Compensation, and not forfeiture, is a favorite maxim with a court of equity. (*Knott* v. *Stephens,* 5 Or. 235; *Brock* v. *Hidy,* 13 Ohio St. 306; *King* v. *Ruckman,* 20 N. J. Eq. 316.) In this case the agreement does not provide that time shall be of the essence of the contract, nor is there anything in the nature of the contract itself or the surrounding circumstances from which the court can infer that it was so intended by the parties at the time the contract was made. Although there is no stipulation in the contract that time shall be essential nor anything in the nature or circumstances of the agreement to make it so, it could nevertheless have been made so by a tender of performance on the part of the plaintiff and demand of payment. (*Knott* v. *Stephens, supra;* Warville on Vendors, 848.) As a general rule, a party who asks for the rescission of a contract for the sale of real estate must be himself without fault, and when as in this case the payment of the purchase money and the making or tender of the deed are to occur simultaneously, they are regarded as mutual and concurrent acts, which disable either party from putting an end to the contract without performance or a valid offer to perform on his part; and so far as the question of time is concerned, both parties, after the day provided for the consummation, may be considered equally in default and neither can hold himself discharged from the obligation of complete performance until he has tendered performance on his own side and demanded it on the other. (*Powell* v. *D. S. & G. R. R. Co.* 14 Or. 356; *Knott* v. *Stephens,* 5 Or. 235; *Remmington* v. *Kelly,* 7 Ohio, 383.) When the vendor insists that the vendee is in default to such an extent as to entitle him to have the contract rescinded, he must allege and prove that he has tendered to the vendee a deed conveying to him all the land according to the terms of the agreement and demanded performance on the part of the vendee, and must have notified him that the contract would be rescinded unless purchase money was paid within a reasonable time. The mere failure to pay the purchase money according to

the terms of the agreement will not be held a repudiation of the contract so as to authorize a suit by the vendor to have it rescinded. (*Gregg* v. *English*, 38 Tex. 139; *Johnson* v. *Jackson*, 27 Miss. 498, 61 Am. Dec. 522; 2 Warville on Vendors, 849, 880.) Ordinarily in a contract of this character, the vendee is entitled to a deed conveying to him the entire land according to agreement, as soon as the purchase money is paid, and he is under no obligation to pay the money except on receipt of the deed. The obligation of the defendant to pay the purchase money is dependent on the duty of the plaintiff to convey the land so far as to disable him from putting an end to the contract without performance or a valid offer to perform on his part. (*Walton* v. *Wilson*, 30 Miss. 576.) In this case plaintiff does not allege or claim that he ever offered to perform the contract on his part, and without such an allegation his complaint fails to state a cause of suit against the defendant for a rescission of the contract, nor is he under such a complaint entitled to a decree for specific performance. It was insisted on the argument that defendant had, by his conduct in relation to the 160 acres of supposed railroad land, rendered it impossible for plaintiff to obtain a title thereto, so that he could comply with his contract, and therefore was excused from tendering a deed to the land agreed to be conveyed before bringing suit to rescind the contract. The complaint does perhaps show a sufficient excuse for not tendering a deed for the 160 acres. If plaintiff was prevented from complying with his contract by the wrongful acts of the defendant, as far as this portion of the land is concerned, the defendant cannot be heard to say that no tender of deed in fee had been made, but there remains two hundred acres, to which plaintiff has a title, and he should have tendered a deed for that portion of the land he agreed to convey and given defendant an opportunity to pay the purchase money before attempting to rescind the contract. The defendant may have been perfectly willing to have accepted a deed in fee for the two hundred acres and a release as to the remaining 160 acres, and to have paid

the purchase money he agreed to pay; at least, he should have given an opportunity to do so before bringing this suit. Plaintiff was bound to comply with the contract on his part by performing or offering to perform according to his engagements except in so far as he was excused by reason of defendant's conduct or acts.

There is yet another reason why plaintiff cannot have this contract rescinded. It appears from the complaint that soon after making the contract, defendant paid three hundred and forty dollars of the purchase price. Before plaintiff can abandon the contract and treat it as at an end, he must refund or offer to refund the money paid in part performance of it with legal accrued interest. It is a general rule, that in order to disaffirm a contract and entitle a party to the rights resulting therefrom, the rescinding party must put the other *in statu quo*. He must account to the other for any money paid in part performance of the contract. (*Knott* v. *Stephens*, 5 Or. 235; *Johnson* v. *Jackson*, 27 Miss. 498, 61 Am. Dec. 522; 2 Warville on Vendors, 881; *Thomas* v. *Beaton*, 25 Tex. Sup. 318.) Plaintiff does not offer to account for the money paid him by defendant in part performance of this contract, but seeks not only to rescind the contract and retain this money, but to charge defendant with the rents and profits of the land during the time he has been in possession thereof, in addition. It would certainly be unjust to permit plaintiff, after having received a part of the purchase money, to put an end to the contract upon the failure of defendant to pay the remainder without offering to account to him for the money already paid. He who seeks the aid of a court of equity must himself do equity. If plaintiff had tendered a deed such as the contract required, he should in addition have returned the notes given by defendant for the purchase money and the amount paid him by defendant, with legal interest, or at least have offered to return them before he could be permitted to rescind. This seems to be the universal rule. The party against whom the rescission is sought must be placed *in*

*statu quo.* (*Murphy* v. *Lockwood,* 21 Ill. 611.) In a case of this kind, where the vendee has been allowed to enter into possession of the land and receive the rents and profits, the vendor would probably be entitled to have the reasonable value thereof deducted from any money paid on the contract by defendant and would only be required to refund to defendant the balance, if any, remaining after deducting such rental value.

What has already been said is sufficient to show that plaintiff does not allege facts sufficient to entitle him to maintain a suit to rescind the contract of sale to the defendant, but it is insisted that under the allegations of the complaint the defendant should be enjoined from selling the 160 acres for which he holds a certificate for a patent from the United States.

The controversy between plaintiff and defendant concerning the legal title to this land is still pending before the land department of the United States, and therefore this court can not now undertake to inquire into the question as to who has the better right to this land under the provisions of the land laws of the government; the land department having acquired jurisdiction, it must first be allowed to proceed to final determination of the case. (*Moore* v. *Field,* 1 Or. 318.) But defendant having entered into the possession of this land under a contract of purchase from plaintiff, will not be permitted to obtain an outstanding title and assert it against the plaintiff. It was expressly understood at the time the contract for the sale of this land was made that the title was unsettled, and that plaintiff would take such steps as might be necessary in order to perfect the same so as to comply with his agreement with defendant. With this understanding defendant was allowed to go into possession of the land, and, having done so, neither equity nor good conscience will permit him, by taking advantage of such possession, to obtain the title from the general government in his own name for his own use and benefit. So that if it should finally be decided by the land department that the

land is not within the grant to the O. & C. R. R. Co., and a patent issue to defendant, the title will inure to the benefit of plaintiff, and the defendant would only be entitled to deduct from the purchase money the actual cost of obtaining such title from the government. It is an established rule of equity, "that if a vendee buys up a better title than that of the vendor, and the vendor was guilty of no fraud, he can only be compelled to refund to the vendee the amount of money paid for the better title." Equity treats the purchaser as a trustee for his vendor, because he holds under him, and acts done to perfect the title of the former when in possession of the land inure to the benefit of him under whom the possession was obtained and through whom a knowledge of a defect of title was obtained. The vendor and vendee stand in the relation of landlord and tenant. The vendee cannot disavow the vendor's title. (*Bush* v. *Marshall*, 6 How. U. S. 284; *Galloway* v. *Finley*, 12 Peters, 264.)

At the time of the contract for the sale of this land by plaintiff to defendant, plaintiff was in the possession thereof under a contract of purchase from the O. & C. R. R. Co., and, acting in good faith, had made valuable and permanent improvements thereon to the amount and value, as alleged in the complaint, of the sum of $1,300. Relying on defendant's agreement to purchase the same, he surrendered the possession to him, and now he, having so obtained the possession, seeks, contrary to good faith and fair dealing, to obtain the title in his own name, and thereby to overreach his vendor, who was using every endeavor to secure the title for the use and benefit of defendant in fulfillment of his own contract to convey. This a court of equity will not permit him to do, but whatever title he may obtain will inure to the benefit of plaintiff. But while such is the law applicable to the facts of this case, plaintiff has failed to allege in his complaint, as we have already shown, sufficient to entitle him to a decree for a specific performance of his contract with

defendant, or for a cancellation of the same, and until he does so, the court is powerless to aid him, and the decree of the court below is affirmed.