R. L. LEWIS v. OLIVER E. GAY et al.

(Filed 20 October, 1909.)

1. **Lands—Contract to Convey—Insufficient Deed—Tender of Sufficient Deed, When in Time.**

   In actions where the remedy by specific performance is indicated, if the vendor of lands can make a good and sufficient title at any time before final decree, it is sufficient; and when the vendee, having made a partial payment on the purchase price, finds that the vendor's wife is not of age, and refuses to accept deed on that account, and brings suit to recover the partial payment he had made, a tender by defendant and his wife, the latter then being of age, of a good and sufficient deed, during the course of the proceedings will be held a sufficient compliance with the contract.

2. **Same—Agreement to Rescind—Evidence—Questions for Jury.**

   In an action to recover a partial payment made on an executory contract for the sale of lands, the deed being refused by the vendee on discovering that vendor's wife, signing the deed, was not of age, and thereafter pending the proceedings, vendee refused to accept a good and sufficient deed from the vendor and his wife, the latter then being of age, it is competent to show that by parol or by matter *in pais*, the parties had agreed to rescind the contract, and under conflicting evidence the question thus raised should have been submitted to the jury.

**3. Lands—Contract to Convey—Agreement to Rescind—Purchase Price—Agreement Implied.**

> When parties to a contract to convey lands mutually agree to rescind the same, in the absence of any stipulation to the contrary the law implies a promise to repay such amounts as may have been paid by the vendee on the purchase money.

APPEAL from *O. H. Allen, J.,* March Term, 1909, of EDGE-COMBE.

At the close of the plaintiff's evidence there was a motion to nonsuit made by defendant, and like motion was made at the close of the entire evidence. The last motion having been allowed, and judgment of nonsuit entered, plaintiff excepted and appealed.

The facts are stated in the opinion of the Court.

*Austin & Grantham* for plaintiff.
*Bunn & Spruill* and *T. T. Thorne* for defendant.

HOKE, J. There was evidence tending to show that in December, 1906, plaintiff bought of defendant O. E. Gay a house and lot in the town of Rocky Mount, N. C., at the contract price of $5,500, and shortly thereafter, in January, 1907, paid defendant $1,000 on the purchase price. Thereupon defendant signed a written receipt for the money, giving the substance of the trade and reciting that a deed for the property from O. E. Gay and wife, Jessie Gay, had been left with Frank P. Spruill, to be delivered to plaintiff in case the money was paid on or before 9 February, 1907. Some time after the payment of the $1,000, plaintiff discovered that defendant's wife, Jessie E. Gay, was under twenty-one years of age when she signed the deed. Plaintiff demanded that, on this account, some security or indemnity be given before the full payment of the purchase money, and this demand was refused.

The complaint further alleged, and there was evidence on the part of plaintiff tending to show, that some time after the time fixed for the payment of the money and delivery of the deed, and while the parties were still contending as to their respective rights under the contract, they had agreed to rescind the trade, and the deed was obtained from Spruill either by defendant or John Gay, who was acting for defendant throughout the transaction, and that plaintiff agreed to this rescission of the contract under an express contract that plaintiff was to be repaid the $1,000; and that, after this rescission, defendant O. E. Gay had mortgaged the property and same was now encumbered to the amount of $1,500. Defendant having refused to pay, the action was instituted, as stated, to recover the $1,000 paid on the purchase price.

At the trial term Mrs. Jessie Gay, wife of O. E. Gay, on motion, was allowed to become party defendant, and the two defendants tendered and filed a deed to plaintiff for the house and lot, properly executed and bearing date 27 March, 1909. It was agreed that at this time said Jessie Gay, defendant, was more than twenty-one years of age, and the two defendants also filed an amended joint answer, authorizing the plaintiff, out of the purchase money remaining due, to pay off and discharge the liens placed on the property by O. E. Gay. Upon this statement plaintiff contended that he could rightfully abandon the contract and recover the amount paid on the purchase price:

1. Because, at the time specified, defendant was unable to make plaintiff a good deed, *inter partes,* by reason of the infancy of his wife.

2. Because of the express agreement between them to rescind the trade.

We are not called on to determine how far the infancy of the *feme* defendant might have affected plaintiff's obligation under the contract, if same had continued, or whether the case of *Farthing v. Rochelle,* 131 N. C., 563, cited by defendant, applies to the present case; for the reason that in actions where the remedy by specific performance is indicated, it is very generally held that if a vendor can make a good title at any time before final decree, it will be considered sufficient. *McNeil v. Fuller,* 121 N. C., 209 ; *Hobson v. Buchanan,* 96 N. C., 444. And, the *feme* defendant being now of age, and she and her husband having tendered a good and sufficient deed, it would seem, on the facts as they are now presented, that the first position of plaintiff is not well taken. But, on the second ground, we are of opinion that the plaintiff was entitled to have the question submitted to a jury for decision, and that the order directing a nonsuit must be set aside.

As said by *Walker, J.,* delivering the opinion in *May v. Getty,* 140 N. C., at p. 316 : "It is now well settled that parties to a written contract may by parol rescind, or by matter *in pais* abandon the same." Citing *Faw v. Whittington,* 72 N. C., 321; *Taylor v. Taylor,* 112 N. C., 27 ; *Holden v. Purefoy,* 108 N. C., 163 ; *Riley v. Jordan,* 75 N. C., 180 ; *Gorrell v. Alspaugh,* 120 N. C., 362."

And it is well established that when parties to an executory contract of this character mutually agree to rescind the same, in the absence of any stipulation to the contrary, the law implies a promise to repay such amounts as may have been paid upon the purchase money. This is so by authority and under the general principles upon which the action of *indebitatus assumpsit* is

properly made to rest. *Beaman v. Simmons,* 76 N. C., 42. At this stage of the action we do not deem it desirable to set out or dwell upon the testimony tending to sustain the plaintiff in this aspect of his claim, but consider it best to say, in general terms, that we have carefully examined the evidence as it appears in the record, and that there is testimony on the part of the plaintiff tending to show that the parties mutually agreed to rescind the trade; and if this view should be accepted by the jury, the claim of the plaintiff would prevail.

For the reasons indicated, we are of opinion that the order of nonsuit should be set aside and a trial had of the matters at issue between the parties.

Judgment reversed.