MATTHEW L. GAHAN ET AL. v. NELLIE PLANT ET AL.

Submitted March 21, 1912—Decided June 24, 1912.

Where the parties to a contract of sale have rescinded, the vendor accepting the property and taking possession of it, the vendee is entitled to maintain an action to recover the money paid on account of the sale.

On appeal from Bergen County District Court, third district.

Before Justices TRENCHARD, PARKER and MINTURN.

For the plaintiffs, *Reuben M. Hart.*

For the defendants, *John B. Zabriskie.*

The opinion of the court was delivered by

MINTURN, J.   The plaintiffs contracted with the defendant while she was *feme sole* to purchase certain lots of land at Teaneck, in Bergen county, and defendants agreed to erect thereon a dwelling-house, and to charge the plaintiffs only the actual cost of construction.   After having paid a number of installments upon the contract, and after the dwelling was completed, the plaintiffs discovered that the cost of construction as charged by defendant was in excess of the actual cost and brought suit, after rescinding the contract of purchase, to recover the sum of $190 paid on the contract.

The plaintiffs refused to pay the excess of charge beyond the cost, and after some preliminary discussion and negotiation, rescinded the contract and abandoned the premises. The present suit was instituted upon the theory of false representation made by defendants to the plaintiffs through defendants' agent.

The District Court judge rendered judgment for the plaintiffs, and found as a fact that one of the considerations form-

ing the basis of the sale of the lots was the construction of the house by the defendants, the plaintiffs to be charged only the actual price of construction.    The court also found that plaintiffs subsequently, in pursuance of notice to that effect, surrendered the premises to defendants, who are now in possession thereof.

The defendants, in the trial court, presented several objections to the legal recognition of the plaintiffs' demand, but the finding of the trial court that the promise of the defendants was *pro tanto* an inducement for the purchase of the property; that the promise was not fulfilled, and that finally the plaintiffs rescinded the contract and that the defendants are now in possession of the premises, makes the consideration of the legal propositions advanced by defendants irrelevant to the real question at issue as now formulated.

The doctrine of *caveat emptor,* which the defendants invoke, can play no part in an issue of this character, where the transaction is one not relating entirely to the title or quality of the real estate sold.    *Broom Max.* 605.    The fundamental theory of that doctrine is that upon a sale the buyer has presented to him the opportunity and the object to inspect; but that where this opportunity is not offered and the buyer is *ex necessitati* dependent on the judgment and the honesty of the seller, as he was in this case, the main reason for the application of the maxim is wanting.    *Mody* v. *Gregson, L. R.,* 4 *Exch.* 49; *Swett* v. *Shumway,* 102 *Mass.* 365.

In the case at bar, the parties entered into an executory contract, the essential feature of which was, as found by the trial court, that the house should be delivered to the vendee at a certain figure.    This contract the vendor failed to perform, and for the failure to perform the vendee rescinded, and the vendor accepted the property, retains possession of it, and refuses to pay to the vendee the amount paid by them on the contract.

In reality the parties are relegated to the same position by mutual acquiescence as where they began, and the plaintiffs' action should have been under this *status* in *assumpsit* for money had and received.    The state of demand, though sound-

ing in deceit for false representation, has annexed to it the common counts, and that these will be sustained by an implied promise to pay under the findings of the trial court from the testimony in the case has been settled since the doctrine was enunciated in Slade's case. 4 *Coke* 925.

The findings of fact by the trial court, as alluded to, render unnecessary and unprofitable any extended discussion of the questions of tender and laches in the plaintiff's act of rescission, as contended for by defendants, and the judgment below will, therefore, be affirmed.