(No. 4523.   April 28, 1927.)

THOMAS GILLAM and VIOLA GILLAM, His Wife, Appellants, v. GILBERT KAHL and ELLA KAHL, His Wife, HARRY IRELAND and MYRTLE IRELAND, His Wife, Respondents.

[256 Pac. 101.]

CONTRACT FOR SALE OF LAND—VENDOR AND PURCHASER—MUTUAL RESCISSION—RESTORATION OF PAYMENTS—CONSIDERATION.

1. Where partly performed contract for sale is mutually rescinded restoration of part payments will not be required as on an implied promise.

2. Any rights of recovery of partial payments on purchase of land by one who, after making them, gave a quitclaim deed

to his vendor, reciting consideration as "$1 and other valuable consideration" depend on what the "other valuable consideration" was, which must be shown, and cannot be implied.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Raymond L. Givens, Judge.

Action for money had and received. Judgment for defendants. *Affirmed.*

Cleve Groome, for Appellants.

Where a contract for the sale of real estate is made, and the sellers convey the property to the purchaser, and the purchasers execute a mortgage for the remainder of the purchase price, and thereafter the purchaser reconveys the land to the seller, the transaction must be construed to be a rescission of the contract of sale by mutual agreement of the parties. (*Thompson v. Elliott*, 28 Ind. 55; *Hunter v. Hale* (Tex. Civ. App.), 233 S. W. 1005; *Ives v. Bank of Lansingburgh*, 12 Mich. 361; *Sizemore v. Morrow*, 28 N. C. 54.)

Where the purchase and sale contract is rescinded by mutual consent and no terms of rescission are agreed upon, the undoing of the original contract will be subject to the usual condition of mutual restoration to *status quo;* that is, the vendor will be entitled to resume possession of his property and the vendee to a restoration of whatever may be paid under the contract. (*Holverson v. Evans*, 38 Ida. 428, 224 Pac. 1067; 2 Black on Rescission and Cancellation, sec. 417, p. 1028; *Thompson v. Elliott, supra; Hunter v. Hale, supra; Ives v. Bank of Lansingburgh, supra; Sizemore v. Morrow, supra.*)

Publisher's Note.

1. See 27 R. C. L. 641.

See Vendor and Purchaser, 39 Cyc., p. 2002, n. 42.

Harry S. Kessler, for Respondents.

The complaint contains no allegation of an agreement for the repayment of the purchase price money, either express or implied. (*Holverson v. Evans*, 38 Ida. 428, 224 Pac. 1067; *Williams v. Skelton*, 40 Ida. 741, 237 Pac. 412.)

The rule of rescission on which plaintiffs seek to recover applies only to executory contracts. (*Holverson v. Evans, supra; Williams v. Skelton, supra;* 39 Cyc. 1355, sec. 2b; 6 R. C. L., sec. 308; 27 R. C. L. 639, sec. 397; 4 Page on Contracts, p. 4351, sec. 2457; p. 4360, sec. 2462, and at p. 4362, sec. 2464.)

Payment of a mortgage indebtedness may be made by the transfer to the mortgagee by the mortgagor of the mortgaged premises. (*Shaner v. Rathdrum State Bank*, 29 Ida. 576, 161 Pac. 90.)

McNAUGHTON, Commissioner.—In this case a demurrer to the amended complaint was interposed. It was sustained and there being no further amendment, judgment was entered on the order sustaining the demurrer. For convenience we shall refer to the parties as they were designated in the lower court.

Omitting formal parts, the amended complaint sets forth a contract dated January 23, 1917. The contract evidences a sale of certain real property by defendants to plaintiffs. By its terms it is not a contract to purchase, but a contract or writing evidencing a sale made for a stipulated sum to be paid on future dates. The complaint also states that at the time of executing the contract, a deed to the land was executed by the defendants and delivered to plaintiffs, and that it was recorded and a mortgage back given as security for the unpaid part of the purchase price to be paid in installments with interest due annually at six per cent per annum. The purchase price was $7,500, and the complaint states that $500 of the principal and $420 interest had been paid by plaintiffs and that they had expended $140 in improvements upon the property.

44 Idaho—14

The complaint then states that on November 6, 1920, plaintiffs executed and delivered to defendants a quitclaim deed to the land, and it charges as a conclusion of law, that the contract and the deed and the mortgage back constitute one agreement, and that "by virtue of the giving and acceptance of the quitclaim deed, the plaintiffs and defendants mutually rescinded and abandoned the agreement for the purchase of said land." And plaintiffs claim that by reason of said rescission defendants became indebted to them in the amount of said payments, together with the expenditure of $140, all as for money had and received.

[1] Plaintiffs' cause is based entirely upon the doctrine that upon the mutual rescission of an executory contract, the effect of such rescission is to restore the parties to the relation they held prior to the execution of the original contract, and in the absence of an agreement to the contrary, the parties are entitled to have restored that which they parted with under the contract. The chief trouble with plaintiffs' claim in this behalf is that the doctrine above referred to and upon which plaintiffs rely is expressly repudiated in this jurisdiction in *Holverson v. Evans*, 28 Ida. 428, 224 Pac. 1067, and *Williams v. Skelton*, 40 Ida. 741, 237 Pac. 412.

In many jurisdictions where there is mutual rescission of part performed contracts without agreement as to part payments, restoration will be required as an implied promise. But we do not think this case comes within that rule even where the doctrine obtains, for we are dealing here simply with the effect to be given a quitclaim deed.

[2] The quitclaim deed in question recites the consideration as one dollar and other valuable consideration. It seems quite clear to us that the rights of the parties here were dependent upon the consideration for the quitclaim deed, and whatever this may have been, it could have been pleaded, proved and enforced. It will not be implied, however. The consideration for it may have been the restoration of the part payments, as well as the cancelation of the unpaid notes and mortgage, but the court would not be permitted to guess by implication what it was.

We therefore recommend that the judgment of the lower court entered on the order sustaining the demurrer and dismissing the action be affirmed.   Costs to respondents.

Varian and Brinck, CC., concur.

The foregoing is approved as the opinion of the court, and the judgment of the lower court entered on the order sustaining the demurrer and dismissing the action is affirmed. Costs to respondents.

Wm. E. Lee, C. J., and Taylor and T. Bailey Lee, JJ., concur.