138 P.2d 259

**YOUNG v. LEE.**

**No. 4751.**

Supreme Court of New Mexico.

May 21, 1943.

E. E. Young, of Roswell, for appellant.

Frazier & Quantius, of Roswell, for appellee.

BRICE, Justice.

This is a suit upon a promissory note. The material facts found by the trial court are substantially as follows:

In the year 1939 the appellee entered into an oral contract with W. D. Young, husband of the appellant, whereby Young agreed to sell to appellee and appellee agreed to purchase, a twenty-seven acre farm (the community property of Young and appellant), for which appellee agreed to pay W. D. Young $2,700, $100 of which he paid in cash. Possession of the farm was delivered to appellee. So far as the findings and evidence show, there was no agreement between the parties as to the time of payment of the balance of the consideration.

On November 22, 1940, the appellee executed and delivered to W. D. Young

the note for $493.14 herein sued on. · $350 of the consideration of this note was for interest on the purchase price of the farm, and $154.14 was for money advanced by Young to buy a one-third interest in a pump, to be used in irrigating this farm and lands of others. Young endorsed and delivered the note to appellant. No part of it has been paid.

The appellee held possession of the farm for two years, placed some improvements thereon, farmed it and kept the proceeds of the sale of· all crops raised.

The pump, a portion of the consideration for which was included in the note sued on, was turned over to appellant with the farm.

Young died in January, 1941, and thereafter appellant's attorney, in behalf of appellant, demanded possession of the farm or payment of the full consideration with interest. Appellee, after discussing the matter with appellant's attorney, surrendered possession of the farm. The only matter discussed between appellant's attorney and appellee was the surrender of the farm. The terms of the agreement to rescind apparently were not discussed.

The trial court found that the appellant was not an innocent holder for value, and that there was a mutual rescission of the contract.

The trial court concluded as follows: "That plaintiff cannot recover on the note because there was a mutual rescission of the sales contract; the note represents part of the purchase price and interest thereon; by reason of the rescission there exists a total failure of the consideration for the note; that after a mutual rescission the sellers are entitled to no part of the unpaid purchase price, or interest."

█ The parties to the contract could rescind it upon any terms agreeable to them.

█ It is a question of interpretation of the rescission agreement as to whether the parties intended to forego future performance, or whether it was intended that the status quo ante should be restored, Restatement of Law of Contracts, § 409. But there was nothing stated by the parties from which their intention could be determined. We must, therefore, depend upon the rule of law, that in the absence of definite terms there is a presumed intent that the status quo ante should be restored. Young v. Bradley, 101 U.S. 782, 25 L.Ed. 1044; Gottwald v. Weeks, 41 N. M. 18, 63 P.2d 537; Calvert v. Joseph, 32 N.M. 384, 257 P. 680; Hurley v. Anicker, 51 Okl. 97, 151 P. 593, L.R.A.1918B, 538; Chandler v. Wilder, 215 Ala. 209, 110 So. 306; Facendini v. Hillman, Mo. App., 298 S.W. 1073; Mascall v. Erikson, 131 Or. 509, 283 P. 2; Martin v. Bell-Woods Co., Tex.Civ.App., 57 S.W.2d 271; Hieatt v. Gassen, 41 Cal.App. 620, 183 P. 227; Dietz v. Rabe, 65 Mont. 500, 211 P. 343; Smith v. Treat, 234 Ill. 552, 85 N.E. 289; Pedley v. Freemen, 132 Iowa 356, 109 N.W. 890, 119 Am.St.Rep. 557; Adler v. Kohn, 96 Neb. 346, 147 N.W. 1131; Gahan v. Plant, 83 N.J.L. 219, 83 A. 775; Lewis v. Gay, 151 N.C. 168, 65· S.E. 907; Tice v. Zinsser, 76 N.Y. 549;

Shively v. Semi-Tropic Land & Water Co., 99 Cal. 259, 33 P. 848; Black on Rescission & Cancellation, 2nd Ed., § 688; 66 C.J., Vendor and Purchaser, § 305; 12 Am.Jur. "Contracts" Sec. 451. There are authorities to the contrary, but it is the general rule. See Gillam v. Kahl, 44 Idaho 207, 256 P. 101; Williams v. Skelton, 40 Idaho 741, 237 P. 412, for the minority.

The trial court, in effect, held that the parties intended to restore the status quo ante which, in this case, would be to return to appellee the note in suit, the $100 paid on the purchase price with interest, and payment for improvements placed on the farm by him; and the payment to appellant of the rental value of the farm for the time it was held by appellee. The trial court did not err in so holding. Mascall v. Erikson, 131 Or. 509, 283 P. 2; Aderholt v. Wood, 66 Cal.App. 666, 226 P. 950; Shively v. Semi-Tropic Land & Water Co., supra; Gaume v. Sheets, 181 Cal. 119, 183 P. 535.

The judgment of the district court is correct, and should be affirmed, but amended to reserve to the appellant her right to sue for the rental value of the land during the time it was held by the appellee; and to the appellee his right to recover the $100 payment made on the land, with interest, and for the value of any improvements placed thereon by him.

It is so ordered.

SADLER, MABRY, and BICKLEY, JJ., concur.