P. C. SNIDER ET AL., APPELLANTS, *v.* JOHN LEHN-HERR ET AL., RESPONDENTS.

CONTRACT—TIME, THE ESSENCE OF, WHEN.—Where, by the express terms of a contract for the sale of real estate, it is apparent that it was understood between the parties that the deferred payments should be promptly made at the times specified in the agreement, a court of equity will treat time as of the essence of the contract.

VOL. V.—25

Statement of Facts.

INJURED PARTY MAY RESCIND CONTRACT.—Where time is of the essence of the contract, the party who suffered by the default of the other may, at his election, and on his own motion, rescind the contract.

SPECIFIC PERFORMANCE, MATTER OF DISCRETION IN A COURT OF EQUITY.—The specific performance of contracts is not decreed in courts of equity as a matter of course; but such relief is only granted in the sound discretion of the court, and when it appears to be equitable under all the circumstances of the case.

APPEAL from Douglas County.

This is a suit in equity, by the representatives of G. W. Snider, deceased, for a specific performance of a contract in writing between said Snider and one of the defendants, John Lehnherr, for the purchase by Snider from Lehnherr of a town lot in Roseburg, Oregon. The purchase-price of the lot was six hundred dollars. The complaint alleges, in substance, that one hundred dollars of the purchase was paid when the contract was made; that Snider, failing to pay the balance within the time agreed on, Lehnherr waived the default, and accepted such balance thereafter; that thereafter Snider died, and John Kelley became administrator upon his estate; that after Snider's death his widow, Elizabeth A. Snider, tendered Lehnherr one hundred dollars, which Lehnherr claimed was still due on the contract, which tender Lehnherr refused, and the property, by successive transfers, passed into the hands of the other respondents, who took with full knowledge of appellant's rights. The separate answers, in substance, deny the alleged waiver, or that the purchase-price has been fully paid, or that Elizabeth A. Snider had authority to make, or did make, the alleged tender. They allege that the defendants in possession were purchasers in good faith, without knowledge of plaintiff's claim; that Snider, at his death, was in default, under the contract, in the sum of one hundred and fifty dollars; that there was no money in the hands of the administrator to pay such balance, but that the estate was insolvent; that defendant Lehnherr, by agreement with the administrator, rescinded the contract, took back the property, and repaid to the administrator all money received by him under the agreement, with interest.

The reply traverses the material allegations of new matter contained in the answers.

*F. A. Chenoweth,* for Appellants.

Courts of equity grant relief to a far greater extent when real than when personal property is concerned, and where strict performance has not been had.   (1 Story Eq. Jur. §§ 746, 747, 748, 771, 775, and note 4.)

A waiver may be established by an express agreement to that effect, or by circumstances from which a waiver may be inferred.   Proof of such a waiver by parol is not a violation of the rule prohibiting parol evidence to vary or contradict a written contract.   (25 Barb. 189.)

*L. F. Mosher and Watson & Lane,* for Respondents.

The party not in default has the right to rescind the contract on his own motion, or by consent of the opposite party. (2 Pars. on Con. 677, 680;  3 Lead. Cas. in Eq. 56, 60, 62, 63;  Fry on Spec. Per. 420.)

An administrator has the right to make an agreement for the rescission of a contract. (Fry on Spec. Per. 400, *note.*)

The specific performance of contracts in courts of equity is not decreed as a matter of course, but only when circumstances do not render it inequitable. (Story Jur. § 750; Id. §§ 769, 770; 2 Lead. Cas. in Eq. 695; 2 Clark, Iowa, 126; 9 Ohio, 511.)

Stale claims are never enforced in equity.   (3 Lead. Cas. in Eq. 80; Fry on Spec. Per. 425.)

A witness will not be allowed to testify to his understanding of a conversation.   (*Walker* v. *Dunspaugh,* 20 N. Y. 170.)

Verbal admissions are to be weighed with great caution. (1 Phillips on Ev. 479; 1 Greenl. on Ev. § 200.)

Notice to a purchaser must be sufficient to put him on inquiry, and must be such that inquiry will, if made, lead to a discovery of the facts. (2 Lead. Cas. in Eq. 152, 153.)

By the Court, BONHAM, C. J.:

Although there is some evidence in this case tending to show that G. W. Snider, in his lifetime, paid the full purchase-price (six hundred dollars) of the lot of land in ques-

tion, yet we think that the preponderance of the testimony sustains the position of respondents, that there was a balance due upon the purchase-price of the lot, at the time of the death of Snider, the purchaser, which has never been paid. Some of the evidence on the part of respondents tends to show that the balance due on the lot was one hundred and fifty dollars, as claimed by them in their answer. Other evidence tends to show that the amount due was something less than one hundred and fifty dollars.

The plea of tender of one hundred dollars to Lehnherr, by Elizabeth A. Snider, the widow of G. W. Snider, made, as is claimed, on behalf of the heirs of G. W. Snider, supports the theory of respondents, that a part of the purchase-price of the lot in question had not been paid.

Although appellants allege in their complaint, and have attempted to prove as a matter of fact, that the full purchase-price of the lot in question was paid in the lifetime of G. W. Snider, the purchaser, yet the plea of tender is regarded in law as an admission of the existence and validity of the debt offered to be paid. (2 Greenl. on Ev. § 600.)

That the plaintiff, Mrs. Elizabeth A. Snider, had authority to make a tender of the balance claimed by Lehnherr to be due on the land, as the agent of the heirs of G. W. Snider, is denied by the respondents, and the testimony fails to show that she had any such authority. She does not appear to have any direct interest in the lot of land in question, in any event, because she is not, under the laws of this State, entitled to be endowed of an equitable interest in lands of which her husband died seized. (*Farnum* v. *Loomis*, 2 Or. 29.) A tender made by a person not a party in interest, and without authority from the debtor, is not valid.

In contracts for the sale of land, time is not regarded by courts of equity as of the essence of the agreement, unless it clearly appears to have been so intended by the contracting parties. But, by the terms of the agreement for the sale of the lot in question, time is made material, or of the essence of the contract, by the clause therein which declares that, "in case of the failure of the said G. W. Snider to pay the aforesaid sums of money at the dates aforesaid, or

any part thereof, in gold coin of the United States, to the said John Lehnherr, his heirs or assigns, then the said G. W. Snider shall forfeit to the said John Lehnherr the sums already paid, and no deed shall pass for said land."

It is claimed by appellants that Lehnherr waived a strict compliance with the terms of the contract on the part of the heirs of G. W. Snider, by allowing his widow to remain in the possession of the property for a time after his death, and by proposing to her to purchase the interest of the heirs in the lot. But we think the evidence is insufficient to establish a waiver of the rights of Lehnherr, under the contract requiring the punctual payment of the balance of the purchase-price. The mere generosity of Lehnherr, in suffering the widow of Snider to remain for a short time in possession of the property in question, ought not, we think, to be construed into a waiver of the rights of Lehnherr under the contract. It would be but the natural promptings of a humane kindness on the part of Lehnherr not to proceed with unseemly haste to dispossess the widow of Snider; and his conduct in suffering her to remain in possession of the property for a time, and in proposing to her to buy her interest, or the interest of the heirs therein, is only evidence of a desire on the part of Lehnherr to deal not only justly, but generously, with the widow and children of the deceased.

We think, then, under the terms of the contract, and by the preponderance of the evidence on the question of the non-payment of a part of the purchase-price, that John Lehnherr, the obligor in the bond or agreement for the sale of the lot in question, had the right, at his election, to treat the contract as rescinded; and, as a matter of strict legal right, this rescission might have been demanded by Lehnherr, without refunding the part of the purchase-price, which had already been paid by Snider. But the evidence shows that Lehnherr, by an agreement made with John Kelley, the administrator of the estate of G. W. Snider, paid to such administrator five hundred dollars in coin, as the estimated amount of advanced payments on the lot in question, including lawful interest thereon, and that it was

then agreed that, in consideration of this payment, the contract of sale should be delivered up to Lehnherr and canceled.  It is claimed by counsel for appellants, that the administrator had no authority in law to make this agreement; but, be this as it may, we do not think it would be equitable, even if it were true that the whole of the purchase-price had been paid by Snider in his lifetime, to decree a specific performance of the contract while the estate retained the refunded portion of the purchase-price of the land.

It is a well-settled rule of equity jurisprudence, that the enforcement of specific performance is, to a great extent, left to the sound discretion of the court, and that, independent of strict or technical legal right, a party demanding a decree for specific performance, must show not only a legal right to the relief demanded, but also that such decree would be just, and meet with equity. (Story Eq. Jur., §§ 750, 769, 770; 2 Lead. Cas. in Eq. 695; 2 Clark, Iowa, 126; 9 Ohio, 511.)

The decree of the court below, dismissing plaintiff's bill, is affirmed.