Argued February 3, affirmed March 24, 1925.

# COMSTOCK MFG. CO. *v.* SOLON SCHIFFMANN AND LAVINIA SCHIFFMANN.

## (234 Pac. 293.)

**Specific Performance—Equity may Use Discretionary Power and Enforce Specific Performance of Contract, Where Valuable Consideration Moves from Plaintiff.**

1. Equity may use its discretionary power and enforce specific performance of contract based on adequate consideration moving from party invoking remedy.

**Specific Performance—Party Seeking Specific Performance must Show Himself not to be at Fault.**

2. Before specific performance can be decreed, plaintiff must show that it has not been at fault, but has taken all proper steps toward performance on its part, and has been ready, desirous, and prompt to perform.

**Tender—Generally Tender must be Unconditional.**

3. Broadly expressed, tender, to be effectual, must be absolute and without condition.

**Tender—Tender may be Accompanied by Condition on Which Vendee had Right to Insist.**

4. Tender may be good, though accompanied with condition on which vendee had right to insist.

**Logs and Logging—Vendee's Tender of Performance of Contract to Purchase Timber Held Sufficient.**

5. In view of Sections 875, 877, Or. L., where vendors of timber agreed that vendee might elect to pay balance of purchase price at any time, and on payment of balance they would execute deed therefor, plaintiff's election to pay, with request that timber be conveyed free from encumbrance, though faulty as tender, was sufficient in absence of objection by vendors as to place, time, conditions, or otherwise.

From Tillamook: GEORGE R. BAGLEY, Judge.

Department 2.

This is a suit brought to compel the specific performance of a contract to convey timber. On Oc-

---

1.  See 25 R. C. L. 206.
3.  Sufficiency and effect of tender, notes, 77 **Am. Dec.** 470; 30 **Am. St. Rep.** 460.  See, also, 26 **R. C. L.** 640.
4.  See 26 **R. C. L.** 641.

tober 18, 1918, Solon Schiffmann and Lavinia Schiffmann, his wife, at Portland, Oregon, as parties of the first part, contracted with G. R. Comstock, as party of the second part, and sold to him "all the merchantable timber standing, lying, or being upon the following described real estate (here follows description of the land)." The purchase price designated in the contract was $24,000, payable at the rate of $2,000 every ninety days until the whole thereof should be paid. The contract provided that the timber should be removed within eight years from the date thereof. Under its terms, the purchaser was granted the right to use certain personal property belonging to the seller, in logging the timber, and the further right to construct roads over the land to facilitate the execution of the work. Likewise, he was to pay the taxes assessed upon the timber, not to exceed the sum of $100 per year. The contract was later assigned by Comstock to this plaintiff, and thereafter it was modified by a written agreement whereunder this plaintiff agreed to pay "$1,500 on June 10, 1919, and the like sum on the 10th day of each month thereafter until the sum equal to $2,000 paid at the end of each ninety days from October 18, 1918, has been paid, and thereafter the sum of $2,000 at the end of every ninety days" until the full purchase price for the timber should be paid. The parties stipulated that time and performance be made the essence of the contract, and the plaintiff had the option of paying the entire purchase price at any time.

The Comstock Manufacturing Company proceeded to carry out the contract, and, acting thereunder, cut and removed 6,781,357 feet of the timber, and, in accordance with its provisions, made payments aggre-

gating $20,315.83. The company likewise paid the taxes, as agreed.

This is not the first suit between the parties under this contract. One of the earlier payments was not promptly made by plaintiff. Thereupon, the defendant Solon Schiffmann instituted a suit for the purpose of enforcing a forfeiture of the contract. The cause was decided against him. He took an appeal to this court but abandoned the same and drew down certain payments that plaintiff had made to the clerk of the court, and; on January 8, 1921, notified the Comstock Manufacturing Company that he would require it to "comply with the terms of the contract set out in the complaint and make its payments promptly as required thereby, and that, if the same should not be done, that Schiffmann would terminate the contract according to its terms."

The last payment on the contract was made on December 13, 1920. Correspondence was had between the representatives of the plaintiff and of the defendants as to when the next payment would be due. In this correspondence defendants asserted that the succeeding payment would fall due on June 6, 1921, while the plaintiff claimed that no further payments would be due until July 5, 1921. The defendants seem to have acquiesced in the contention of the plaintiff as to the time for payment.

On June 16, 1921, the plaintiff elected to exercise its option to pay the balance of the purchase price upon the timber and addressed the defendant, in writing, as follows:

"Please send to the State Bank of Portland, Oregon, warranted (warranty) deed for the timber purchased by us from you, together with a release of the mortgage which covers this property. and other property of yours, releasing the mortgage as against this

timber, with instructions to the bank to deliver the same to us upon payment of the balance due for this timber, according to the contract, and, upon presentation of the papers to us, we will take care of the matter when due.

"Please attend to this promptly and acknowledge receipt thereof."

No response was made to the above offer until after the time for the payment arrived. Thereupon, Solon Schiffman, on July 12, 1921, through his attorneys, notified the plaintiff as follows:

"All right, title, and interest which you held in said contract has ceased and determined, and the property covered by said contract has reverted to and revested in Mr. Schiffmann. * *

"You are further notified, in pursuance of the foregoing, to quit possession of any portion of said property which you may have at this time, and to remove therefrom any personal property owned by you which you may have placed on said property at any time."

On July 18, 1921, the Comstock Manufacturing Company, through its president, wrote:

"Again we request that you send to the State Bank of Portland the deed, etc., referred to in letter of June 16th, free and clear of incumbrances, with other conditions as provided for by contract."

The letter further advised that on receipt of the papers "the matter will be promptly taken care of" as provided in the contract.

Soon after the plaintiff wrote the letter of July 18th, the defendants removed from the premises a truck and donkey-engine which they had contracted with the plaintiff might be used in removing the timber therefrom. Thereafter, plaintiff instituted this suit for specific performance.

The defendants, answering the complaint, aver the forfeiture of the contract and ask for affirmative relief. The court, after hearing the testimony, adjudged and decreed that the contract of October 18, 1918, entered into between the defendants and G. R. Comstock and by him assigned to the plaintiff be specifically performed. In accordance with the decree, the plaintiff paid into court the balance found to be due upon the purchase price of the timber, and the defendants were required to execute and deliver to the clerk of the court a bargain and sale deed conveying to plaintiff the timber described in the contract. Thereafter the court, basing its order upon plaintiff's affidavit and a stipulation of the parties, directed that $3,000 of the balance paid into court by plaintiff be applied to the satisfaction of the mortgage lien upon the timber. The defendants appeal, assigning a number of errors.           Affirmed.

For appellants there was a brief over the name of *Messrs. Botts & Winslow,* with an oral argument by *Mr. H. T. Botts.*

For respondent there was a brief and oral argument by *Mr. Richard Sleight.*

BROWN, J.—The general rules of law relating to the remedy by specific performance of a contract are familiar. However, each case that comes before us is surrounded by a different set of facts. This case must be governed by its own facts and circumstances, and unless the evidence discloses a situation where good conscience will naturally require the enforcement of the contract, relief by decreeing specific performance will not be awarded: *Winnie* v. *Winnie,* 166 N. Y. 263 (59 N. E. 832, 82 Am. St. Rep. 647).

The plaintiff declares for specific performance of its contract with defendants. Defendants resist and plead forfeiture. Plaintiff alleges performance by payment of more than five sixths of the total purchase price of the timber, avers its offer to pay the balance thereof, and further avers and proves that it has at all times been ready, able, and willing to perform its obligations under the contract. The defendants admit the receipt of the payments, but deny the sufficiency of the tender and assert their cancellation of the contract, yet they ask the court for affirmative relief by decreeing that plaintiff has no right, title, or interest in the property described in the complaint.

1. A court of equity may use its discretionary power and enforce the specific performance of a contract, based upon an adequate consideration moving from the party invoking such remedy. The contract forming the basis of this suit is founded upon a valuable consideration. As to the subject matter, parties, time of performance, purpose, and consideration, it is certain. It is neither unfair, unreasonable, nor inequitable in its provisions. That the vendee, the plaintiff herein, has performed its covenants is evidenced by the fact, among other things, that it paid to the vendor $20,315.83 as it became due, leaving an unpaid balance of $3,684.17 out of the total purchase price of $24,000, not then due. The unpaid balance has since been paid into court. The plaintiff averred, and adduced evidence to the effect, that it has complied with the terms of the agreement and has at all times been ready, willing and able to perform all of its obligations in their entirety. But the defendants seek forfeiture. They seek to retain the more than $20,000 paid into their hands, and to

cancel all the purchaser's rights to nearly one half of the timber sold by defendants and purchased by plaintiff. The defendants have received every dollar due except the sum that was paid into court for them. However, they assert that the plaintiff defaulted in the payment due July 5, 1921; that time was the essence of the contract; that they gave proper notice to plaintiff prior to their alleged cancellation of the contract; and that plaintiff must fail in this suit because of the inadequacy of its tender made on June 16, 1921.

2. The obligation of the vendors was to convey timber, free of encumbrance. The obligation of the vendee was to pay money, as agreed. These obligations were mutual and reciprocal. If the plaintiff is entitled to specific performance, the defendants cannot rightfully cancel the agreement. But, before we can decree specific performance, the plaintiff must show that it has not been at fault, but that it has taken all proper steps toward a performance on its own part and has been ready, desirous, and prompt to perform: *Rogers v. Saunders,* 16 Me. 92 (33 Am. Dec. 635).

More than half a century ago this court, speaking through Mr. Chief Justice BONHAM, in *Knott v. Stephens et al.,* 5 Or. 235, 239, declared:

"Compensation, and not forfeiture, is a favorite maxim with courts of equity."

See *Davis v. Wilson,* 55 Or. 403 (106 Pac. 795); *Oregon Railroad & Navigation Co. v. McDonald,* 58 Or. 228 (112 Pac. 413, 32 L. R. A. (N. S.) 117, note); *Scott v. Smith,* 58 Or. 591 (115 Pac. 969); *Stennick v. J. K. Lumber Co.,* 85 Or. 444 (161 Pac. 97, 166 Pac. 951); *Sheridan v. Pacific States Fire Ins. Co.,* 107 Or. 285 (212 Pac. 783).

"A court of equity is reluctant to enforce a provision of a contract in the nature of a forfeiture, and though a party by the strict terms of his agreement may be entitled to a forfeiture it will be withheld if there has been a substantial performance or the defendant is ready to fulfill his obligation." 26 Am. & Eng. Ency. of Law (2 ed.), p. 66.

However, where the vendor and vendee, in an agreement for the conveyance of real property, stipulate that time and strict performance shall be of the essence of the contract, and that the rights of the vendee shall be forfeited for nonpayment, in such case the vendor may, after proper notice, declare and enforce such forfeiture for nonpayment: *Holbrook* v. *Investment Co.,* 30 Or. 259 (47 Pac. 920); *Epplett* v. *Empire Inv. Co.,* 99 Or. 533 (194 Pac. 461), and authorities there noted.

3, 4. Broadly expressed, a tender, to be effectual, must be absolute and without condition. But the rule as stated does not apply to the instant case. The tender may be good, though accompanied with a condition upon which the vendee has a right to insist. The acts to be performed by the vendors and the vendee in the case at bar are concurrent acts: *Anderson* v. *Wallowa National Bank,* 100 Or. 679 (198 Pac. 560); 28 Am. & Eng. Ency. of Law (2 ed.), pp. 31, 32; 26 R. C. L., § 21, Tender.

5. The testimony shows that during the negotations for the contract the vendors represented that the timber involved therein was free from all encumbrances, although it was, in fact, mortgaged at that time. The vendors likewise agreed that the vendee might elect to pay the balance of the purchase price at any time, and that upon the payment of such balance they would execute a deed for the timber.

The plaintiff elected to pay, but requested that the timber be conveyed free from encumbrance.

"An offer in writing to pay a particular sum of money * * is, if not accepted, equivalent to the actual production and tender of the money." Or. L., § 875.

Again:

"The person to whom a tender is made shall at the time specify any objection he may have * * , or he must be deemed to have waived it." Or. L., § 877.

"There may be a waiver of the objection that the amount tendered is too small, or that it is too large, that the tender is not made at the time when performance is due, that it is not made at the proper place, that it is not made in the proper medium, that it is not unconditional, or that it is not made by the proper person." 28 Am. & Eng. Ency. of Law (2 ed.), p. 38.

See, also, 36 Cyc. 704; 38 Cyc. 140.

We take the following valuable excerpt from *Anderson* v. *Wallowa National Bank,* 100 Or. 679, 691 (198 Pac. 560, 564), wherein Mr. Chief Justice BURNETT, in rendering the opinion of the court, quoted largely from a Connecticut case which is pertinent to the facts in the cause at issue:

"The distinction between the tender of the amount due upon a debt and offer of performance of an executory contract containing mutual covenants is pointed out in *Smith* v. *Lewis,* 26 Conn. 110. The controversy there was over a contract for the conveyance of realty and other property. The court said: 'Some misapprehension or confusion appears to have arisen from the mode of expression used in the books in treating of the necessity of a tender or offer by the parties, as applicable to the case of mutual and concurrent promises. The word "tender," as used in such a connection, does not mean the same kind of offer as when it is used with reference to the payment

or offer to pay an ordinary debt due in money, where the money is offered to a creditor who is entitled to receive it and nothing further remains to be done, but the transaction is completed and ended; but it only means a readiness and willingness, accompanied with an ability on the part of one of the parties, to do the acts which the agreement requires him to perform, provided the other will concurrently do the things which he is required by it to do, and a notice by the former to the latter of such readiness. Such readiness, ability and notice are sufficient evidence of, and indeed constitute and imply, an offer or tender in the sense in which those terms are used in reference to the kind of agreements which we are now considering. It is not an absolute, unconditional offer to do or transfer anything at all events, but it is in its nature conditional only, and dependent on, and to be performed only in case of, the readiness of the other party to perform his part of the agreement.' ''

"Generally the rules in equity concerning the necessity for an actual tender are not so stringent as those at law." 26 R. C. L., § 4, Tender.

"Where the agreement is executory and the acts of the parties are to be concurrent, * * an offer to pay and a demand of performance is sufficient, if performance be refused. In such case, it is sufficient to bring the money into court at the time of the trial." 26 R. C. L., § 28, Tender (In Equity).

The tender in the cause at issue may be faulty. But the defendants made no objection thereto, as to place, time, conditions, or otherwise. They remained quiet until time for payment arrived and then attempted a forfeiture. They desired to sell their timber. They found, in the corporation, a purchaser that was at all times ready, able, and desirous of performing its obligation specified in the contract. They found a purchaser that has performed its agree-

ment and has paid more than $20,000 on the total purchase price of $24,000.

The decree appealed from is affirmed.

AFFIRMED.

McBRIDE, C. J., and BEAN and BELT, JJ., concur.