Submitted on briefs June 30; reversed July 15; rehearing denied
September 9, 1941

# LOWE *v.* HARMON

(115 P. (2d) 297)

Before KELLY, Chief Justice, and BAILEY, LUSK, RAND, ROSSMAN and BRAND, Associate Justices.

*Hallock, Donald & Banta,* of Baker, for appellant.

*Laing, Gray & Smith,* of Portland, *Heilner, Grant & Fuchs,* of Baker, and *Howard Bergman,* of Salem, for respondent.

KELLY, C. J. On March 11, 1939, plaintiff executed an agreement, granting defendant an option to buy an undivided one-half interest in the real property therein described, which agreement is as follows:

"For/and in consideration of the sum of One Dollar ($1.00) and other valuable consideration to me in hand paid by L. P. Harmon, party of the second part, I, Grace Lowe, party of the first part do hereby grant to him an option to buy a one-half interest in the John Dickson Estate consisting of approximately 320 acres near Sumpter, Oregon, for the sum of $3,500, less one-half of the selling price of the timber upon this estate whatever that may be.

Witness my hand this 11th day of March, 1939.

Grace Lowe."

On the same day, namely, March 11, 1939, plaintiff executed a power of attorney, which, omitting the acknowledgment, is as follows:

"Seattle, Wash. March 11, 1939.

"Know All Men By These Presents That I, the undersigned, do hereby appoint L. P. Harmon as my attorney in fact to sell any timber on the Dickson

Estate for me the same as I could if present, to sign my name, payments to be deposited to my credit in savings account at the National Bank of Commerce, Seattle, Wash. It is agreed that said timber will be paid for as cut. This power of attorney is only for the purpose of sale of the timber on this estate said estate consisting of 320 acres of which I am at present lawful owner. Mr. Harmon holds an option to buy half interest.

Witness my hand this 11th day of March, 1939.

Grace Lowe.''

On December 8, 1939, plaintiff filed in the circuit court for Baker county a complaint for declaratory judgment, and thereafter an amended complaint was filed therein by plaintiff. Plaintiff thus sought to obtain a declaratory judgment and decree to the effect that the option above set out had been effectively withdrawn or had expired, in accordance with its terms and should be ordered cancelled of record. Issue was joined thereon and a trial was had.

On March 25, 1940, a declaratory judgment was rendered, which, omitting the findings of fact, is as follows:

''It is considered, ordered and adjudged that the option above set forth and given by the said Grace Lowe to defendant, L. P. Harmon under date of March 11, 1939, be and the same is hereby adjudged and declared to be valid and binding upon the plaintiff, and it is further

Considered, ordered and adjudged that a reasonable time within which defendant may exercise said option is a period of six months from the date of this judgment, and the defendant is hereby allowed said time within which to exercise the same, by paying said sum of $3,500 as aforesaid together with interest thereon at the rate of six per cent (6%) per annum from the date of this judgment until paid, and it is further

Considered, ordered and adjudged that neither party hereto shall recover costs from the other."

On September 24, 1940, defendant tendered to the clerk of the circuit court for Baker county for the use and benefit of plaintiff the sum of $3605, that being the sum of $3500 stated consideration in said option agreement, together with interest thereon at six per cent per annum from March 25, 1940. At the time of such tender, the defendant instructed said clerk to turn said sum of money over to plaintiff upon receipt from plaintiff of a statement of any sales of timber from said Dixon Placer mine. Such instruction was set forth in a letter signed by defendant and addressed to said clerk, which letter of instruction contained the following statement:.

"This tender is made to you as Clerk of said Court for the purpose of exercising the said option above referred to and you are instructed to deliver the said sum of money to the said Grace Lowe upon her making, executing and delivering to the undersigned, or to you on behalf of the undersigned, a good and sufficient deed conveying to the undersigned an undivided one-half interest in and to the said property referred to. The undersigned is entitled to a credit against said sum on account of money received by said Grace Lowe from the sale of timber from said premises and at the time of delivery of said money she should be requested to furnish a statement as to such sales and thereupon the amount of the credit should be withheld from the sum tendered herewith, and returned to the undersigned."

On October 22, 1940, plaintiff, through her attorneys, transmitted with a letter of instruction to said clerk a bargain and sale deed covering an undivided one-half interest in the property in suit, executed by plaintiff as grantor, without stating her marital status,

and naming defendant as grantee. The letter of transmittal contained the following instructions:

"This deed is to be delivered by you to Mr. Harmon upon payment to us on behalf of Miss Lowe of the full sum of $3605.00 tendered to you. We observe that Mr. Harmon in his letter accompanying the tender has attempted to make it conditional upon Miss Lowe furnishing a statement as to the sales of timber from the property and your deducting the same from the amount of the tender.

In connection with this we wish to advise you that under the judgment of the Court establishing the option it is expressly provided that the same shall be exercised by paying the full sum of $3500.00, with interest at 6% from the date of the judgment until paid, and no provision whatever is made regarding any offsets for sales of timber, and it is accordingly the position of Grace Lowe and ourselves as her counsel that any question as to timber sales has been eliminated from the case and no credit can arise thereon. Accordingly unless the full sum of $3605.00 tendered into court is delivered to us, the tender is not acceptable and the deed submitted herewith is to be returned."

Later, plaintiff secured the return of said bargain and sale deed and notified said clerk thereof and also advised said clerk that defendant's tender was rejected.

On November 16, 1940, defendant filed a petition for supplemental relief.

Four counts are presented therein:

1. That a statement should be required of plaintiff of the sales of timber from the property in suit for the period from March 11, 1939, to March 25, 1940, the proceeds of which have been received by plaintiff in order to allow defendant credit upon the purchase price of said property.

2. That plaintiff should be required to execute a deed to said property wherein her marital status is

stated and if plaintiff is married plaintiff should be required to procure her husband's signature to and acknowledgment of the execution of said deed.

3. That instead of the language employed in the deed heretofore submitted to plaintiff as to plaintiff's reservation of tenements, appurtenances, mines, and rents and profits accruing to plaintiff because plaintiff retains an undivided one-half of said property in suit; a deed should be required of plaintiff reciting that plaintiff retains only an undivided one-half interest in said tenements, appurtenances, mines, minerals, rents and profits.

4. That a declaration that plaintiff's rejection of defendant's tender was wholly without cause and that plaintiff should be required to execute and deliver to defendant a new and proper deed of conveyance upon payment of the consideration thereof.

On November 20, 1940, plaintiff filed a special appearance and motion to strike defendant's petition for supplemental relief on the ground of lack of jurisdiction; and plaintiff also filed a motion for change of judge based upon an affidavit of prejudice.

On November 30, 1940, both said motion to strike and said motion for a change of judge were denied.

On December 7, 1940, plaintiff filed an answer to defendant's petition for supplemental relief.

On December 20, 1940, defendant filed a demurrer, which omitting title and signatures, is as follows:

"Comes now the above named defendant and demurs to plaintiff's further and separate answer to defendant's petition for supplemental relief upon the ground and for the reason that it affirmatively appears upon the face thereof that the same wholly fails to state facts sufficient to constitute a defense to the defendant's said petition for supplemental relief.".

On January 2, 1941, the trial court entered an order sustaining defendant's demurrer to plaintiff's further and separate answer and defense to defendant's petition for supplemental relief; and also an order, containing, among other things, the following declaration, order and decree:

\* \* \* "it is therefore

Considered, ordered, adjudged and decreed that the defendant has in the manner provided by the judgment and decree of this court in its order made and entered herein on March 25th, 1940, exercised the said option referred to in said judgment order, and that by virtue of the exercise of the said option and the payment to the Clerk of this court of the sum of money hereinbefore set forth, he is the owner of an undivided one-half interest in and to the following described premises.

[Describing premises in suit.] it is further

Considered, ordered and adjudged and decreed that the said defendant be, and he is hereby declared to be the owner of an undivided one-half interest in and to the premises above described and entitled to the rights, privileges, rents, issues and profits as such owner, and that in view of the refusal of the plaintiff to execute a proper deed, that this decree shall stand in lieu of a deed; it is further

Considered, ordered, adjudged and decreed that when the plaintiff furnishes to the defendant, or to the Clerk of this court a statement of the moneys received by her from the sale of timber and a good and sufficient deed in accordance with the provisions of this decree, that the Clerk be and he is hereby directed to pay over to the plaintiff, or to her order, the moneys now in his hands as the purchase price of said premises, less one-half of the sums received by the plaintiff from the sale of timber on said premises."

It is the declaratory order, judgment and decree, in part quoted above, from which plaintiff has appealed.

■ Plaintiff's first assignment of error is based upon the assertion that the court had no authority to grant the relief sought in defendant's supplemental petition.

It is argued that the supplemental relief clause of the declaratory judgment act is limited to relief of the class secured in the original declaration and does not authorize the granting of executory or coercive relief.

To this point plaintiff cites the case of *Brindley v. Meara*, 209 Ind. 144, 198 N. E. 301, 101 A. L. R. 682. This case is the subject of an interesting and instructive article appearing in Vol. 11, Indiana Law Journal, p. 376, et seq., the author of which is Edwin Borchard, Hotchkiss Professor of Law, Yale University, Co-Draftsman of Uniform Declaratory Judgments Act and of the Federal Act and author of a textbook on Declaratory Judgments.

We think that Professor Borchard's view is supported by the better reasoning. It is stated and supported in the following excerpt, referring to the Brindley-Meara case, which we quote from Anderson on Declaratory Judgments:

"With all due respect to the learned Supreme Court of Indiana, its pronouncement in this regard has met its just fate and has received little or no recognition in other jurisdictions and in later cases. It is now firmly established beyond peradventure of doubt that the supplemental relief contemplated by the statutes is not limited to further declaratory relief, and such further relief may include an assessment of damages or other coercive relief which may be obtained by a petition in the same action and in the same court in which the declaratory relief was granted." Anderson, Declaratory Judgments, p. 573, section 193, citing authorities in note 70.

■ Plaintiff's second assignment of error is based upon the trial court's denial of plaintiff's motion for a change of judge. We are unable to consider a supplemental proceeding as being a separate proceeding from the original proceeding when it is prosecuted in the same court before the same judge as the original proceeding. For this reason, we hold that no error was committed in denying plaintiff's motion for change of judge.

The question whether error was committed by sustaining defendant's demurrer to plaintiff's further and separate answer to defendant's petition for supplemental relief involves a consideration of six propositions of law, being numbered 3 to 8, both inclusive, in plaintiff's brief.

■ The first proposition is that a declaratory judgment is final and res adjudicata the same as any other judgment. To this proposition we assent. A declaratory judgment has the force and effect of an adjudication. *Oregon Creamery Mfgs. Ass'n v. White*, 159 Or. 99, 109, 78 P. (2d) 572.

■ The second proposition is that a judgment is conclusive, not only on matters actually found and determined but upon all other things necessarily implied by or included in the adjudication.

We think that a better way of stating the principle invoked is that "a judgment is decisive upon the issues tendered by the proceeding." *Susi v. Davis et al.*, 133 Me. 354, 177 A. 610, 97 A. L. R. 1222.

■ The third proposition includes a principle of law and also a proposed construction of the option and power of attorney in suit. The principle is that instruments executed together and as part of the same transaction are to be construed together. To this we assent.

The construction suggested as that which should be given the two writings mentioned is that it is only timber sales made and properly accounted for by respondent [defendant] which defendant is to have credited upon the option price. We think that it is unnecessary to adopt that construction at this time in order to determine the question now under consideration, which is whether plaintiff's answer in the supplemental proceeding is vulnerable to defendant's demurrer.

The fourth proposition made by plaintiff is that the agent or attorney in fact is the one who has the duty to account to his principal. This statement is too general to be accepted in the instant case.

The fifth proposition consists of a claim that plaintiff is entitled to offset against moneys received, the loss which she has suffered through defendant's misconduct in connection with the timber transaction. This implies that there was such alleged misconduct and hence we make no observation with respect thereto except to note that plaintiff makes the claim as stated.

■ The sixth proposition is that an option must be exercised in accordance with its terms and the optionor may reject a tender coupled with unjustified conditions. To this we assent. *Strong et al. v. Moore et al.*, 105 Or. 12, 207 P. 179, 23 A. L. R. 1217; *Friendly v. Elwert*, 57 Or. 599, 105 P. 404, 111 P. 690, 112 P. 1085, Ann. Cas. 1913A, 357.

■ Broadly expressed, a tender to be effectual must be absolute and without condition; but a tender may be good, though accompanied with a condition upon which the vendee has a right to insist. *Comstock Mfg. Co. v. Schiffmann*, 113 Or. 677, 234 P. 293.

Taking the view that any state of facts which discloses that defendant was not justified in imposing the

conditions which attended his deposit with the clerk of the court of the purchase price under the option in suit as adjudicated in the original hearing, and the performance of which defendant demanded of plaintiff, would be proper defensive matter to be pleaded by plaintiff in her answer to defendant's petition for supplemental relief, we conclude that plaintiff's statement in her answer to the effect that defendant had received an amount in excess of that which plaintiff had received from the sales of timber would present an issue proper to be determined in the supplemental proceeding.

It was not necessary for plaintiff to ask for an accounting or for any affirmative relief. If plaintiff could prove that defendant had received as much as, or more than, he was entitled to receive from the sales of timber, defendant could not justly demand any statement from plaintiff or the allowance of any credit on the purchase price as a prerequisite to the payment of the amount decreed by the first adjudication herein to be the amount defendant should pay for an undivided one-half interest in the property in suit.

We think that a careful consideration of the language employed in the reservation set forth in plaintiff's bargain and sale deed to defendant will not support defendant's criticism thereof.

In plaintiff's deed, the reservation, under consideration, is in the following terms:

* * * "The Grantor retaining the remaining undivided one-half thereof, together with all of the tenements and appurtenances, mines and minerals and rents and profits accruing as a result thereof unto herself, her heirs and assigns."

When it is borne in mind that the instrument purports to convey to defendant an undivided one-half of

the described real property, it is obvious that the incidents attendant upon plaintiff's reservation of the remaining undivided one-half would include those accruing as a result of such reservation of said remaining undivided one-half; and the term, "accruing as a result thereof", could have no other meaning.

■ Defendant's request that a deed be delivered to him containing a statement of plaintiff's marital status, if plaintiff is unmarried, as the record seems to indicate, was not unreasonable nor unjustified. It conforms to the usual custom observed in the preparation of conveyances of real property.

"When the option does not specify what estate shall be granted it calls for an estate in fee simple, unless it appears that the parties intended to contract on the basis of a lesser estate.

The optionee can not require the optionor to 'clear up' her title, but the optionee has the right to demand evidence of title as a condition precedent to further performance on his part.

The general rule is, however, that specific performance will not be deemed against an optionor who is not able, for want of title to comply with the option contract." James on Option Contracts, p. 489, section 1005, and cases there cited.

■ This leads to the conclusion that error was committed in overruling plaintiff's demurrer to defendant's petition for supplemental relief. The issue thereby presented, whether defendant had received as much as or more than he was entitled to receive in any event from the sale of timber from said premises, should be determined. If plaintiff prevails upon that issue, the result would be unavoidable that an unjustified condition was required of plaintiff by defendant as a condition precedent to the payment of the purchase price, and, hence, a valid tender was not made.

If, on the other hand, it appears that there are credits due to defendant for said sales, and the amount thereof is shown, then such credits may be confirmed by the court.

We find nothing in the pleadings justifying a decree to the effect that defendant is the owner of an undivided one-half of said property. If there are credits due to him, the amount of his tender under the original decree herein may be properly reduced to conform to such credits but the balance of the purchase price must be unconditionally deposited with the clerk for plaintiff's benefit before title to said property could be deemed to have passed to defendant. If no credits are due to defendant, plaintiff is entitled to a decree to the effect that the option in suit has expired.

The judgment of the circuit court is reversed and the proceeding remanded for such further proceedings as may not be inconsistent herewith.

BELT, J., did not participate in this opinion.