Argued April 30, affirmed July 1, 1976

## GANSON, *Appellant,*
### *v.*
## NONEMAKER et ux, *Respondents.*

551 P2d 454

*Thomas B. Brand,* Salem, argued the cause for appellant. With him on the brief were Brand, Lee, Ferris & Embick, Salem, and David R. Fortier, Brookings.

*Frederic H. Starkweather, Jr.,* Gold Beach, argued the cause and filed a brief for respondent.

Before O'Connell,* Chief Justice, and McAllister, Denecke,** and Howell, Justices.

PER CURIAM.

---

*Chief Justice when case was argued.
**Chief Justice when case was decided.

## PER CURIAM.

Plaintiff buyer filed this suit seeking specific performance of a contract to sell a parcel of land in Brookings. The trial court entered a decree denying specific performance. We affirm.

Defendant sellers owned two lots referred to during the trial as Parcel I and Parcel II. Defendants' mobile home was located on Parcel I. Defendants desired to sell both lots in order to purchase another mobile home. A mobile home dealer introduced the defendants to plaintiff in early June, 1974, and negotiations were conducted concerning the purchase and sale of both properties. Some time later that month an agreement was reached, and the mobile home dealer, who was not a lawyer, prepared a written contract which was signed by both parties. As is frequently the case in such situations, the written agreement was indefinite and incomplete. However, the agreement did provide for a purchase price of $16,000 for Parcel I and a purchase price of $12,000 for Parcel II.

This original agreement did not result in a sale, however, and some time shortly thereafter two other agreements were prepared by the dealer and signed by the parties. The first related to Parcel I and provided for a substantial down payment and for the financing of the balance through a local bank. The second of these two agreements pertained to Parcel II, which is the subject of this dispute, and provided, in part, as follows:

"Buyer agrees to pay $200.00 down and $100.00 per month starting on possession of acrea [sic]. Possession will not come later than October 31, 1974."

Later, the agreement as to Parcel I was again changed, and in July plaintiff went to the offices of the escrow agency which was handling the transaction and, in accordance with the terms of the new agreement, paid the full $16,000 purchase price and received his deed to Parcel I. According to the testimony of the escrow agent, the title report which had

been issued covered both parcels. Plaintiff, however, insisted that the description of Parcel II be deleted from the title report and refused to sign the contract which had been executed by defendants for the sale of Parcel II. The escrow agent testified that plaintiff refused to proceed with the sale of Parcel II because he did not want to make the required down payment because he could not secure immediate possession. Plaintiff did not tender the $200 down payment for Parcel II until several months later, in December, 1974, at which time it was rejected by the defendants. Plaintiff then instituted this suit for specific performance.

At trial, defendants contended that plaintiff repudiated the purchase and sale agreement for Parcel II by refusing to tender the required down payment and by refusing to enter into the installment sale contract. Plaintiff argued that he was not required to tender the down payment until he could get possession of the property. The trial court found that, according to the terms of the contract, only the installment payments were deferred until after the date of possession. The trial court further found that the parties had two separate agreements for the two individual parcels and that plaintiff expressly repudiated the agreement as to Parcel II.

The conclusions of the trial court are well supported by the evidence in this case, and we agree with his findings. The agreement for Parcel II required a down payment of $200 followed by monthly installment payments which were to begin after possession was obtained. Plaintiff refused to make the required down payment. After refusing to comply with the terms of the agreement, the plaintiff is in no position to be requesting specific performance. *See Trachsel v. Barney,* 264 Or 29, 503 P2d 696 (1972); *Winters v. Shelton et ux,* 225 Or 104, 357 P2d 284 (1969); and *Comstock Mfg. Co. v. Schiffmann et al.,* 113 Or 677, 234 P 293 (1925).

Affirmed.